UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TYNOLA CARDER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-258 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On February 11, 2013, plaintiff filed her applications for DIB and SSI benefits. Plaintiff alleged a June 1, 2012, onset of disability. (ECF No. 8-6, PageID.291-306). Plaintiff's claims were denied on initial review. (ECF No. 8-4, PageID.170-88). On April 11, 2014, and January 15, 2015, she received a hearing before an ALJ. (ECF No. 8-2, PageID.71-144). On May 15, 2015, the ALJ issued her decision finding that plaintiff was not disabled. (Op., ECF No. 8-2, PageID.46-58). On January 13, 2017, the Appeals Council denied review (ECF No. 8-2, PageID.33-35), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I. The ALJ committed reversible error by failing to consider whether the plaintiff met or equaled the requirements of listing 12.05(C) for intellectual disability.
>
> II. The ALJ's finding regarding plaintiff's RFC is not supported by substantial evidence.
>
> III. The ALJ's evaluation of plaintiff's symptoms is not supported by substantial evidence.

(Plf. Brief at 1, ECF No. 12, PageID.902). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830,

833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through March 31, 2014.  (Op. at 3, ECF No. 8-2, PageID.48). Plaintiff had not engaged in substantial gainful activity on or after June 1, 2012, the alleged onset date.  (*Id.*).  Plaintiff had the following severe impairments:  bipolar disorder, sensorineural hearing loss, and obesity. (*Id.* at 4, PageID.49).  Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  (*Id.* at 5, PageID.50).  The ALJ found

that plaintiff retained the residual functional capacity (RFC) for a full range of work at all exertional levels, but she had a number of nonexertional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can work in quiet environments at an office level noise; never climb ladders, ropes or scaffolds; no exposure to hazardous machinery and unprotected heights; no work that requires acute auditory function; only simple routine tasks involving no more than simple short instructions and simple work-related decisions with few work place changes.

(Op. at 6, ECF No. 8-2, PageID.51).

The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (*Id.* at 6-12, PageID.51-57). Plaintiff could not perform any past relevant work. (*Id.* at 12, PageID.57). She was 32 years old as of the date of alleged onset of her disability and 35 years old on the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (*Id.*).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 150,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 8-2, PageID.93-96). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 12-13, ECF No. 8-2, PageID.57-58).

## Discussion

**1.**

Plaintiff argues that the ALJ committed reversible error by failing to consider whether she met or equaled the requirements of listing 12.05(C) for intellectual disability. (Plf. Brief at 7-11, ECF No. 12, PageID.907-11; Reply Brief at 2-5, ECF No. 14, PageID.935-38).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability ... the evidentiary standards [at Step Three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). A claimant bears the burden of demonstrating that she meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Section 12.00 of the disability listing concerns mental disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. To demonstrate that an intellectual disability meets or medically equals Listing 12.05(C), a claimant must satisfy the following requirements:

> "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22"; (2) "a valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."

*Crum v. Commissioner*, 660 F. App'x 449, 455, (6th Cir. 2016) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)).

Plaintiff's attorney did not present any argument at the administrative hearing that plaintiff met or equaled the requirements of Listing 12.05(C). (ECF No. 8-2, PageID.71-144). In fact, when the ALJ posed questions in that regard, plaintiff's attorney conceded that plaintiff lacked evidence of impairments sufficient to meet or equal the requirements of Listing 12.05. Although she had a low IQ score at age 34 generated during a consultative examination performed on December 27, 2013 (ECF No. 8-16, PageID.859-65), plaintiff was never in special education in high school and she had at least a high school education:

| | |
|---|---|
| ALJ: | I see that. Let me just glance at it. Yeah. The full scale IQ, 63. I see that. And because it was below 70 – |
| ATTY: | Correct. |
| ALJ: | But I wonder if it was – do you know whether it was in existence because it needs to be before the – |
| ATTY: | No. |
| ALJ: | – age in between – |
| ATTY: | I'm aware of that. |
| ALJ: | – to – |
| ATTY: | She's indicated that she was never in special education in high school, so – |

    ALJ:        Okay.

    ATTY:      – I don't know that there would be any earlier testing.

    ALJ:        Yeah.

    ATTY:      – that we would be able to –

    ALJ:        Okay.

    ATTY:      – locate.[1]

(ECF No. 8-2, PageID.107-09).

Plaintiff did not submit any school records or medical or psychological treatment records regarding her condition before she reached age 22. The earliest medical records that plaintiff submitted in support of her claims for DIB and SSI benefits are dated January 30, 2012 (ECF No. 8-9, PageID.449-56), more than a decade after plaintiff reached age 22. Plaintiff's attorney posed no questions to her regarding her intellectual functioning and adaptive functioning before age 22. She argued that this case essentially "boiled down to a Step 5 Analysis," and that plaintiff's major impairment was her left ear hearing loss. (ECF No. 8-2, PageID.110).

The ALJ is not required to address or discuss every listing.[2] *Sheeks v.*

---

[1] Plaintiff's current attorney is correct that the above-quoted exchange "could only be connected to Listing 12.05(C) in the context of social security cases." (Reply Brief at 3, ECF No. 14, PageID.936). Counsel was not raising an argument at the hearing, but rather she was waiving it because the argument lacked supporting evidence. (ECF No. 8-2, PageID.107-09).

[2] The ALJ found that plaintiff did not meet or equal the requirements of any listed mental impairment. She provided an extended discussion of why plaintiff failed to satisfy the Part B severity requirements of Listing 12.04. (Op. at 5-6, ECF No. 8-2, PageID.50-51).

*Commissioner*, 544 F. App'x 639, 641 (6th Cir. 2013). The ALJ need not discuss listings that an applicant plainly does not meet. *See Smith-Johnson v. Commissioner*, 579 F. App'x 426, 432 (6th Cir. 2014). If the record "raises 'a substantial question as to whether [the claimant] could qualify as disabled' under a listing," the ALJ should discuss that listing. *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). Absent such a "substantial question" as to every requirement of the listing, however, an Administrative Law Judge does not commit reversible error by failing to evaluate a listing at step three. *See Smith-Johnson*, 579 F. App'x at 432; *Sheeks*, 544 F. App'x at 641. Plaintiff's attorney conceded that she lacked evidence sufficient to meet or equal the requirements of listing 12.05.

As previously noted, plaintiff was required to present evidence carrying her burden of showing that her intellectual deficits initially manifested prior to age 22. *See Cooper v. Commissioner*, 217 F. App'x. 450, 452 (6th Cir. 2007); *see also Smith v. Commissioner*, 1:15-cv-683, 2016 WL 3452640 at *3 (W.D. Mich. June 24, 2016) ("[T]o satisfy Section 12.05, the claimant must demonstrate that she experienced deficiencies in adaptive functioning prior to attaining the age of 22."); *accord Grisier v. Commissioner*, No. 17-3570, __ F. App'x __, 2018 WL 417557, at *4 (6th Cir. Jan. 16, 2018) ("Generally, when a social security disability claimant simply fail[s] to present any contemporaneous medical evidence of disability from the relevant time period, the claimant cannot carry [her] burden of proving their disability for the relevant period.") (citation and quotation omitted). Plaintiff now attempts to satisfy her burden in this regard by pointing to the single low IQ score that she obtained at

-8-

age 34. Plaintiff cites cases from outside the Sixth Circuit in support of an argument that a rebuttable presumption should apply to remote IQ tests performed long after the claimant reached age 22. (Plf. Brief 10, ECF No. 12, PageID.910).

This Court should once again decline to adopt such a presumption. As Judge Janet Neff explained: "The Sixth Circuit has not adopted the Eleventh Circuit's approach, however, and the Court declines to do so here. Such a holding is inconsistent with strong precedent holding that the burden rests squarely with Plaintiff to demonstrate that she satisfies all the requirements of a listed impairment." *Franklin v. Commissioner*, 1:15-cv-4632, 2016 WL 158589, at *5 (W.D. Mich. Jan. 13, 2016) (citing *Kirby v. Commissioner*, 37 F. App'x 182, 183 (6th Cir. 2002) and *Jones v. Commissioner*, No. 1:08-cv-562, 2009 WL 3498809, at *3 (W.D. Mich. Oct. 26, 2009)). I find no basis for disturbing the Commissioner's decision.

**2.**

Plaintiff argues that the ALJ's factual finding regarding her RFC is not supported by substantial evidence. Specifically, she claims that the RFC failed to account for her obesity, failed to adequately consider her problems with concentration, persistence and pace, and that the ALJ should have sent her for post-hearing examinations. (Plf. Brief at 11-15, ECF No. 12, PageID.911-15).

RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a)(1); *Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is an administrative finding of fact reserved to the Commissioner.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009).  While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence.  *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).  If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion."  *Id.*

> Plaintiff argues that the ALJ "failed to account for [her] impairment of obesity in formulating the RFC assessment."  (Plaintiff's Brief at 12, ECF No. 12, PageID.912).  The ALJ found that plaintiff's obesity was a severe impairment.  (Op. at 4, ECF No. 8-2, PageID.49).  Further, the ALJ considered plaintiff's obesity in making her finding regarding plaintiff's RFC.  (*See* Op. at 4-5, ECF No. 8-2, PageID.49-50) ("[I]n combination with all her other alleged impairments, the undersigned concludes that the claimant's obesity exacerbates her ability to perform basic work activities.").

I find no error.

Plaintiff argues that, because the ALJ rejected the opinion evidence, he should have sent plaintiff "to post hearing internal medicine and psychological examination to better ascertain her limitations."  (Plf. Brief at 15, ECF No. 12, PageID.915). Plaintiff bears the ultimate burden of producing sufficient evidence to show that she is disabled.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability.").  Plaintiff did not request that she be sent for any post-hearing mental or physical examination.  (ECF No. 8-2, PageID.71-144).  Further, even when a request properly presented, an "ALJ has discretion to determine

whether further evidence, such as additional testing, is necessary." *Hayes v. Commissioner*, 357 F. App'x 672, 675 (6th Cir. 2009); *see* 20 C.F.R. §§ 404.1517, 416.917; *see also Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986) ("[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant h[er] the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.").

The Sixth Circuit reviews an ALJ's decision whether to order additional testing under an abuse-of-discretion standard. *Hayes*, 357 F. App'x at 675. The ALJ did not abuse her discretion in making a decision based on the record presented. *See Griffith v. Commissioner*, 582 F. App'x 555, 562 (6th Cir. 2014).

An argument that "the ALJ's RFC [finding] lacks substantial evidence because no physician opined that [plaintiff] was capable of [such] work" does not provide a basis for disturbing the Commissioner's decision. *Shepard v. Commissioner*, 705 F. App'x 435, 442-43 (6th Cir. 2017). "The ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Commissioner*, 531 F. App'x 719, 728 (6th Cir. 2013). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, SSR 96-5p (reprinted at 1996 WL 374183, at *1-2 (SSA July 2, 1996)).

"[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision

about whether an individual is under a disability.'" *Shepard v. Commissioner*, 705 F. App'x at 442-43 (quoting *Rudd*, 531 F. App'x.at 728). The ALJ did not improperly substitute her "own medical judgment" for that of any medical expert or interpret raw medical data beyond her ability by making a RFC determination. *See Rudd*, 531 F. App'x at 726-27.

Plaintiff claims error in that the ALJ found that she had moderate difficulties in concentration, persistence or pace, which were not adequately taken into account by the RFC, limiting her to only simple routine tasks involving no more than simple short instructions and simple work-related decisions with few work place changes. (Plf. Brief at 13-14, ECF No.12, PageID.913-14). Plaintiff conflates the ALJ's factual findings at distinct stages of the sequential analysis.

The administrative finding whether a claimant meets or equals a listed impairment is made at step 3 of the sequential analysis *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Step-3 regulates a "narrow category of adjudicatory conduct." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006) (*en banc*). It "governs the organization and evaluation of proof of listed impairments that, if supported, renders entitlement to benefits a foregone conclusion." *Id.* "Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the [Social Security Administration's] SSA's special list of impairments, or that is at least equal in severity to those listed. The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. A person with such an impairment or an equivalent, consequently, necessarily satisfies that statutory

definition of disability." *Id.* at 643 (internal citations omitted).

It is well established that a claimant has the burden of demonstrating that she satisfies all the individual requirements of a listing. *See Elam*, 348 F.3d at 125. By contrast, the administrative finding of a claimant's RFC is made between steps 3 and 4 of the sequential analysis and it is applied at steps 4 and 5. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity. We use the residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

The ALJ determined at step 3 of the sequential analysis that plaintiff's impairments did not meet or equal the requirements of any listed impairment. (Op. at 5-6, ECF No. 8-2, PageID.50-51). Plaintiffs mental impairments did not come close to satisfying the demanding paragraph B severity requirements of listing 12.04.[3] In activities of daily living, plaintiff had mild restrictions. (Op. at 5, ECF No. 8-2, PageID.50). In social functioning, she had mild difficulties. (*Id.*). With regard to concentration, persistence or pace, plaintiff had moderate difficulties. (*Id.*). Plaintiff did not have any episodes of decompensation which were of extended duration. (*Id.*).

---

[3] "To satisfy the 'paragraph B' criteria, the mental impairment must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration means three episodes within 1 year, or an average of once every four months, each lasting for at least 2 weeks." (Op. at 5, ECF No. 8-2, PageID.50).

Plaintiff is attempting to take a portion of the ALJ's finding with regard to the paragraph B criteria at step 3 out of context and substitute it for the ALJ's factual finding that she retained the RFC for "simple routine tasks involving no more than simple short instructions and simple work-related decisions with few work place changes." (Op. at 6, ECF No. 8-2, PageID.51). The paragraph B criteria used at steps 2 and 3 of the sequential analysis "are not an RFC assessment." *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (reprinted at 1996 WL 374184, at *4 (SSA July 2, 1996)); *see Dewey v. Commissioner*, No. 1:16-cv-395, 2017 WL 343627, at *3 (W.D. Mich. Jan. 24, 2017) ("Plaintiff fails to recognize that the ALJ's assessment of disorders at steps two and three []are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."). "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 or the Listings of Impairments." SSR 96-8p, 1996 WL 374184, at *4; *see Palmer v. Commissioner*, No. 1:16-cv-660, 2017 WL 2129689, at *3-4 (W.D. Mich. May 17, 2017) (collecting cases). The ALJ's step-3 findings do not undermine her finding that plaintiff retained the RFC for simple routine tasks involving no more than simple short instructions and simple work-related decisions with few work place changes.

Plaintiff's related argument that the ALJ failed to pose a hypothetical question to the vocational expert which adequately took her difficulties with concentration,

persistence, or pace into account (Plf. Brief at 14, ECF No. 12, PageID.914) is not persuasive. "Case law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Commissioner*, 636 F. App'x 625, 635 (6th Cir. 2016); *Smith-Johnson v. Commissioner*, 579 F. App'x 426, 436-37 (6th Cir. 2014) (The "limitation to simple, routine, and repetitive tasks adequately conveys Smith-Johnson's moderately-limited ability 'to maintain attention and concentration for extended periods.' "). Plaintiff has not demonstrated "that her limitations were not properly presented to the VE for consideration." *Kepke*, 636 F. App'x at 635.

The ALJ gave an adequate explanation and her findings regarding plaintiff's RFC are supported by substantial evidence.

### 3.

Plaintiff argues that the ALJ's evaluation of her symptoms is not supported by substantial evidence. She objects to the ALJ's consideration of her daily activities and claims that the ALJ committed error by noting that plaintiff had a favorable response to counseling and psychotropic medication. (Plf. Brief at 16-17, ECF No. 12, PageID.916-17).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review

of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to

the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ gave a lengthy and detailed explanation of her factual finding regarding plaintiff's credibility. (Op. at 6-12, ECF No. 8-2, PageID.51-57).

Plaintiff argues that it was an error for the ALJ to rely on her daily activities "because participation in these activities does not constitute substantial evidence that [plaintiff] would be able to participate in work activities." (Plf. Brief at 16, ECF No. 12, PageID.916). Plaintiff's "argument misunderstands the ALJ's decision. The ALJ cited these activities as evidence that [plaintiff's] testimony about the severity of her symptoms and her limited lifestyle was 'not entirely credible,' not to demonstrate that she was capable of [] work [at a particular exertional level]." *Shepard v. Commissioner*, 705 F. App'x 435, 441 (6th Cir. 2017). It was appropriate for the ALJ to take plaintiff's daily activities into account in making her credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

Plaintiff's claim of error stemming from the ALJ's observation that plaintiff had a favorable response to counseling and psychotropic medication (Plf. Brief at 17-18, PageID.916-17) is meritless. The ALJ's observation (Op. at 11, ECF No. 8-2, PageID.56) is supported by substantial evidence. (ECF No. 8-12, PageID.644-47, 671; ECF No. 8-13, PageID.673-74, 677-78, 723; 18-14, PageID.744-47, 753; ECF No. 8-16, PageID.860, 864). Further, plaintiff testified that her medications helped a "little bit," and although she was not then seeing a counselor, she expressed an intention to do so in the near future. (ECF No. 8-2, PageID.121-22). I find no error.

The ALJ gave a more than adequate explanation of her factual finding regarding plaintiff's credibility and that finding is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 22, 2018  /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).