UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYNOLA CARDER,

    Plaintiff,

v.                                                    Case No. 1:17-CV-258

COMMISSIONER OF SOCIAL                 HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security. Section 405(g) limits the Court's review to the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner determined that Plaintiff, Tynola Carder, was not entitled to disability insurance benefits and supplemental security income. After completing review in the administrative system, Carder sought judicial review. Magistrate Judge Phillip Green issued a Report and Recommendation (R & R), recommending that the Court affirm the Commissioner's decision. (ECF No. 15.) Carder objected (ECF No. 16), and the Commissioner responded. (ECF No. 17.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made." The Court may not conduct a de novo review of the administrative case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). After conducting a de novo review of the R & R, Carder's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Carder objects that "the ALJ's [residual functional capacity] limitation to simple routine tasks, short and simple instructions, and simple work related decisions with few workplace changes are not sufficient to accommodate the ALJ's finding that Plaintiff suffers moderate limitations with concentration, persistence, or pace." (ECF No. 16 at PageID.960.) As the R & R finds and the Commissioner's response argues, the ALJ was not required to account for her "paragraph B" findings at step three in her RFC analysis, because those criteria "are not an RFC assessment." *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (reprinted at 1996 WL 374184, at *4 (SSA July 2, 1996)); s*ee, e.g.*, *Dewey v. Comm'r of Soc. Sec.*, No. 1:16-CV-395, 2017 WL 343627, at *3 (W.D. Mich. Jan. 24, 2017); *Palmer v. Comm'r of Soc. Sec.*, No. 1:16-CV-660, 2017 WL 2129689, at *3–4 (W.D. Mich. May 17, 2017) (collecting cases). Further, *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), does not apply. "In *Ealy*, the ALJ expressly adopted a specific limitation which he then failed to include in his hypothetical to the vocational expert. Here, no such shortcoming or inconsistency exists." *Goodrich v. Comm'r of Soc. Sec.*, No. 1:15-CV-1002, 2017 WL 1130023, at *5 (W.D. Mich. Mar. 27, 2017). Carder failed to show that the RFC finding or the hypothetical posed to the vocational expert were in error.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 15) is **APPROVED AND ADOPTED** as the Opinion of this Court, and the Commissioner's decision is **AFFIRMED**. Plaintiff's Objections (ECF No. 16.) are **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.

Dated: March 29, 2018                                /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE